IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE J. PILCEK, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ANADARKO PETROLEUM | § | |
| CORPORATION, THE GLOBAL | § | |
| EDGE CONSULTANTS, LLC and | § | JURY TRIAL DEMANDED |
| KATHRYN EBERWEIN, | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT

Plaintiff Clarence J. Pilcek ("Pilcek") now files this Complaint against Defendants Anadarko Petroleum Corporation and The Global Edge Consultants, LLC.  In support, Plaintiff states as follows:

### PARTIES

1.      The Plaintiff, Clarence J. Pilcek, is a United States citizen and a resident of the state of Texas.

2.      Defendant Anadarko Petroleum Corporation ("Anadarko") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas.  Anadarko may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure and/or through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

3.      Defendant The Global Edge Consultants, LLC ("Global Edge"), is a Texas limited liability company with its principal place of business in The Woodlands, Texas.  Global Edge may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and/or through

its registered agent for service of process, Kathryn Eberwein, at Town Center II, 1330 Lake Robbins Drive, Suite 250, The Woodlands, TX 77380, or wherever else she may be found.

4.    Defendant Kathryn Eberwein ("Eberwein") is an individual defendant who is believed to be the sole principal of The Global Edge Consultants, LLC.  She may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and/or at Town Center II, 1330 Lake Robbins Drive, Suite 250, The Woodlands, TX 77380, or wherever else she may be found.

### JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim arising under the laws of the United States.

6.    This Court has personal jurisdiction over the Defendants because each of them are Texas entities or citizens.  They all continuously and systematically do business within the state of Texas, and this lawsuit arises out of those continuous and systematic contacts within the state of Texas.

7.    Venue is proper before this Court because all or a substantial part of the events or omissions giving rise to the claims arose within this judicial district.

### FACTS

8.    Since sometime in the summer of 2011, Pilcek has been employed to work at Anadarko as a contract manager supporting a construction project in Mozambique.  Pilcek had an office at Anadarko's facilities in Houston, Texas, and was directed and supervised by Anadarko personnel.  Anadarko reserved all right to control (and did control) the nature, extent, and location of Pilcek's work on the aforementioned construction project.  Anadarko also at all times had the power to hire and fire Pilcek.  It supervised and controlled his work schedules and/or conditions of employment.  Upon information and belief, it maintained records regarding his employment.

9.      Though Anadarko suffered and permitted Pilcek to work for it from the summer of 2011 until it terminated him on March 2, 2016, it did not pay him directly.  It instead obtained Pilcek's labor through Global Edge and paid for Pilcek's labor through Global Edge and Eberwein.

10.      Global Edge and Eberwein provided Pilcek his paychecks, as well as a wide variety of employee benefits.

11.      Though Pilcek was placed with Anadarko through Global Edge and Eberwein's contacts, their arrangement with Anadarko was that Anadarko would have sole responsibility for assigning Pilcek work and supervising its execution.

12.      Global Edge disclaimed any obligation to supervise, direct, or control Pilcek's work at Anadarko in any way, shape, or form.

13.      By virtue of the economic realities of their relationship with Pilcek, Global Edge and Eberwein were both "employers" of Pilcek, as that term is defined by the Fair Labor Standards Act ("FLSA").

14.      Further, by virtue of its day-to-day supervision and interaction with Pilcek – not to mention its enjoyment of his labor for nearly 5 years – Anadarko was also Pilcek's "employer", as that term is defined by the FLSA.

15.      Throughout his employment with the Defendants, Pilcek was paid strictly on a day rate basis.   He initially was paid $1,100 per day for all days worked ($1,210 if worked internationally).  His domestic day rate was eventually increased sometime in or around 2014 to $1,155 per day.

16.      Upon information and belief, Plaintiff needed to work a full day, or at least the majority of a day, for him to receive his day rate for that day.

17.     For example, if Pilcek arrived for work at Anadarko's offices while sick with the flu and worked for 10 minutes before going back home, he would not have been paid his day rate for that day.

18.     At no time during his employment by or with the Defendants did Pilcek ever receive a salary.

19.     He was not guaranteed a fixed amount in any workweek, and nor was he paid on a salary basis, as that term is explained in the Department of Labor's regulations regarding the FLSA.

20.     Throughout his employment with the Defendants, Plaintiff regularly put in days exceeding 8 hours worked per day.

21.     His typical work schedule was Monday through Friday, and he generally worked 45 hours per week throughout his employment with Defendants, though since approximately June 2015 (concurrent with the worldwide downturn in the energy industry) he averaged 42.5 hours of work per week.

22.     Pilcek was not required to maintain time records each day.

23.     Upon information and belief, neither Anadarko nor Global Edge nor Eberwein maintained time records of Pilcek's work, either.

24.     Based upon Pilcek's best estimate, from approximately June 2015 until his termination, his average workday was 8.5 hours of work, or 42.5 hours per week. Before June 2015, his workdays averaged 9 hours per day, or 45 hours per week.

25.     At no time during his employment with the Defendants did Pilcek ever receive any overtime compensation for his work hours in excess of 40 hours per week.

26.     Pilcek was at all relevant times a non-exempt employee.

27.     At all relevant times, Pilcek was paid on a day rate basis only.

28.     At no time during his employment with Defendants was Pilcek paid on a salary basis.

29.     As a non-exempt employee, Pilcek was entitled to receive overtime compensation at a rate equal to 1.5 times his regular rate.

30.     Because he was paid on a daily rate basis, Pilcek's regular rate (for overtime purposes) in any given week would be the sum of his day rate paid for the workweek in question divided by the total number of hours that he worked in that week.

31.     Thus, when working 42.5 hours during a five-day workweek, his regular rate would be $135.88/hour ([$1,155 x 5] ÷ 42.5).  During weeks when he worked 45 hours, his regular rate would be $128.33/hour ([$1,155 x 5] ÷ 45).

32.     Because Pilcek is deemed already to have received his regular rate for the overtime hours, he was owed only the additional overtime premium of one-half his regular rate (or $67.94 or $64.17, depending on whether it was a 42.5 or 45 hour week, respectively).

33.     By way of example only, in the 42.5 hour weeks, Pilcek was owed 2.5 overtime hours multiplied by $67.94, or $169.85.  For the 45 hour weeks, Pilcek was owed 5 overtime hours multiplied by $64.17, or $320.85.

34.     Further, because unpaid wages under the FLSA must be doubled as liquidated damages, Pilcek is actually now entitled to double those amounts ($339.70 or $641.70) in the 42.5 or 45 hour weeks, respectively.

### FIRST CAUSE OF ACTION (UNPAID OVERTIME)

35.     Pilcek incorporates each of the foregoing allegations as if fully set forth herein.

36.     Anadarko and Global Edge are each enterprises with annual dollar sales or business of at least $500,000.  They are therefore subject to coverage under the FLSA.

37.     Anadarko was an employer of Pilcek as the term "employer" is defined by the FLSA.

38.     Global Edge was an employer of Pilcek as the term "employer" is defined by the FLSA.

39.     Eberwein was an employer of Pilcek throughout the time that he was assigned to work for Anadarko.  At a bare minimum, she was a person who acted directly or indirectly in the interest of Global Edge, Pilcek's employer, in relation to Pilcek's employment.

40.     In the case of Global Edge and Eberwein, they issued Pilcek's paychecks, they withheld employment taxes, they provided him with employee benefits, and they otherwise acted as his employer.  Upon information and belief, they also paid unemployment taxes based upon their employment of Pilcek, and also listed him as an employee on quarterly reports filed with the Texas Workforce Commission.

41.     Anadarko was an employer of Pilcek throughout the time that he worked for it.  It assigned him to do its work at its own premises; it exerted total control over Pilcek's assignments; it had the authority to hire him, fire him, or modify the conditions of his assignment at Anadarko; Pilcek performed a specialty job for Anadarko; and Pilcek was entirely dependent upon Anadarko's work as he was not employed anywhere else during his nearly five years at Anadarko.

42.     Each of the Defendants suffered or permitted Pilcek to work in excess of 40 hours per week throughout his employment with them.

43.     None of the Defendants paid Pilcek the overtime premium that the FLSA required them to pay him.

44.     Accordingly, Pilcek now sues pursuant to the FLSA to recover those unpaid wages, plus liquidated damages in an amount equal to those unpaid wages.  29 U.S.C. § 216(b).

## ATTORNEY'S FEES

45.     Pilcek expressly pleads for an award of reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

46.     The Plaintiff demands a jury trial.

## PRAYER

Wherefore, Plaintiff respectfully requests that the Defendants be cited to answer this Complaint and to defend against the allegations set forth herein.  Plaintiff asks that the Court award, to the fullest extent allowed by law:

a.     Unpaid overtime wages as required by the FLSA;
b.     Liquidated damages in an amount equal to his unpaid overtime wages, also as required by the FLSA;
c.     Attorney's fees;
d.     Taxable court costs; and
e.     Such other and further relief to which Plaintiff may show himself entitled.

Respectfully submitted,

DOW GOLUB REMELS & BEVERLY, LLP


/s/ Andrew S. Golub
Andrew S. Golub
S.D. Tex. No. 13812
Texas Bar No. 08114950
asgolub@dowgolub.com
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

ATTORNEY FOR PLAINTIFF
CLARENCE J. PILCEK